IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARMONY BIOSCIENCES, LLC, BIOPROJET SOCIÉTÉ CIVILE DE RECHERCHE and BIOPROJET PHARMA SAS,<br><br>Plaintiffs,<br><br>v.<br><br>MSN PHARMACEUTICALS INC., MSN LABORATORIES PRIVATE LIMITED,<br><br>Defendants | C.A. No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Harmony Biosciences, LLC ("Harmony"), Bioprojet Société Civile de Recherche ("Bioprojet SCR"), and Bioprojet Pharma SAS ("Bioprojet Pharma") (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited (collectively, "MSN"), and hereby allege as follows:

**NATURE OF THE ACTION**

1. This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, arises from MSN's recent submission of Abbreviated New Drug Application ("ANDA") No. 218873 to the United States Food and Drug Administration ("FDA"), seeking approval to market generic versions of the pharmaceutical product WAKIX® (pitolisant hydrochloride) tablets prior to the expiration of U.S. Patent Nos. 8,486,947 ("the '947 patent"); 8,207,197 ("the '197 patent"); and 8,354,430 ("the '430 patent) (collectively, "the patents-in-suit").

## WAKIX® AND THE PATENTS-IN-SUIT

2. WAKIX® is a first-in-class drug indicated for the treatment of excessive daytime sleepiness ("EDS") or cataplexy in adult patients with narcolepsy.

3. Narcolepsy is a debilitating disease that can severely affect a patient's day-to-day functioning and can have a devastating impact on quality of life.

4. WAKIX®'s active ingredient, pitolisant hydrochloride, is an antagonist/inverse agonist of the histamine-3 (H3) receptor.

5. WAKIX® first received FDA approval on August 14, 2019. It is the first FDA-approved H3 receptor antagonist/inverse agonist and the first and only FDA-approved once-daily tablet for treatment of EDS and cataplexy in narcolepsy. It is the only FDA-approved treatment for EDS and cataplexy in narcolepsy that is not a scheduled controlled substance.

6. WAKIX® was granted orphan drug exclusivity for the treatment of EDS in adult patients with narcolepsy and for the treatment of cataplexy in adult patients with narcolepsy; fast track designation for the treatment of EDS and cataplexy in patients with narcolepsy; and breakthrough therapy designation for the treatment of cataplexy in people with narcolepsy.

7. WAKIX®'s orphan drug exclusivity for the treatment of EDS in adult patients with narcolepsy expires on August 14, 2026.

8. WAKIX®'s orphan drug exclusivity for the treatment of cataplexy in adult patients with narcolepsy expires on October 13, 2027.

9. WAKIX® is available in film-coated tablets containing 5 mg or 20 mg of pitolisant hydrochloride (equivalent to 4.45 mg or 17.8 mg of pitolisant free base, respectively).

10. The '947 patent is entitled "Treatment of Parkinson's Disease, Obstructive Sleep Apnea, Dementia with Lewy Bodies, Vascular Dementia with Non-Imidazole Alkylamines

Histamine H$_3$-Receptor Ligands," and was duly and lawfully issued by the USPTO on July 16, 2013. The '947 patent is attached hereto as Exhibit A.

11. The '197 patent is entitled "Monohydrochloride Salt of 1-[3-[3-(4-Chlorophenyl) Propoxy]Propyl] -Piperidine," and was duly and lawfully issued by the USPTO on June 26, 2012. The '197 patent is attached hereto as Exhibit B.

12. The '430 patent is entitled "Monohydrochloride Salt of 1-[3-[3-(4-Chlorophenyl) Propoxy]Propyl] -Piperidine," and was duly and lawfully issued by the USPTO on January 15, 2013. The '430 patent is attached hereto as Exhibit C.

13. The '947, '197, and '430 patents are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for WAKIX®.

## THE PARTIES

14. Plaintiff Harmony Biosciences, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 630 W Germantown Pike, Suite 215, Plymouth Meeting, PA 19462, USA. Harmony is the exclusive licensee of the patents-in-suit and the holder of New Drug Application ("NDA") No. 211150 for WAKIX®. Harmony is engaged in the clinical development of WAKIX® and sells WAKIX® tablets in the United States.

15. Plaintiff Bioprojet SCR is an independent, privately owned company organized and existing under the laws of France, having a place of business at 7, rue Rameau, 75002, Paris, France. Bioprojet SCR is the assignee and owner of the patents-in-suit.

16. Plaintiff Bioprojet Pharma is a wholly owned subsidiary of Bioprojet SCR, existing under the laws of France, having a place of business at 9, rue Rameau, 75002, Paris, France. Bioprojet Pharma was involved in commercialization efforts.

17. On information and belief, Defendant MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

18. On information and belief, MSN Laboratories Private Limited is a corporation existing under the laws of the Republic of India, having its principal place of business at MSN House, Plot No.: C-24, Industrial Estate, Sanathnagar, Hyderabad – 18 Telangana, India.

19. On information and belief, MSN Pharmaceuticals Inc. is the U.S. Agent for MSN Laboratories Private Limited, acts at the direction, and for the benefit, of MSN Laboratories Private Limited, and is controlled and/or dominated by MSN Laboratories Private Limited.

20. On information and belief, MSN Pharmaceuticals Inc. is a wholly owned subsidiary of MSN Laboratories Private Limited.

21. On information and belief, MSN Laboratories Private Limited owns Drug Master File No. 38131 for pitolisant.

22. On information and belief, MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On information and belief, MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

23. On information and belief, MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited caused ANDA No. 218873 ("MSN ANDA") to be submitted to FDA and seek approval of that application to permit MSN to market generic versions of WAKIX® tablets in the United States.

24. On information and belief, MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited acted collaboratively in the preparation and submission of ANDA No. 218873 and continue to act collaboratively in pursuing FDA approval of ANDA No. 218873 and seeking to market the proposed generic pitolisant hydrochloride tablets described in that application.

25. On information and belief, MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited intend to commercially manufacture, market, offer for sale, and sell the products described in ANDA No. 218873 ("MSN ANDA Products") throughout the United States, including in the State of Delaware, in the event FDA approves the MSN ANDA.

26. On information and belief, MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited rely on material assistance from each other to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell the MSN ANDA Products, in the event FDA approves the MSN ANDA.

## JURISDICTION AND VENUE

27. This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of the patents-in-suit. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

28. This Court has personal jurisdiction over MSN Pharmaceuticals Inc. because it is a corporation organized and existing under the laws of the State of Delaware. MSN Pharmaceuticals Inc. is registered to do business as a domestic corporation in Delaware (File Number 5454849).

29. Additionally, this Court has personal jurisdiction over MSN Pharmaceuticals Inc. and MSN Laboratories Private Limited (collectively, "MSN") because, on information and belief, MSN, *inter alia*, has continuous and systematic contacts with the State of Delaware; regularly

conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell the MSN ANDA Products in the State of Delaware upon approval of the MSN ANDA.

30. On information and belief, MSN is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, throughout the United States, including in Delaware.

31. On information and belief, MSN is licensed to sell pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

32. MSN has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of one or more of the patents-in-suit that will lead to foreseeable harm and injury to Plaintiffs. On information and belief, MSN prepared and filed the MSN ANDA with the intention of seeking to market the MSN ANDA Products nationwide, including in Delaware.

33. On information and belief, MSN plans to sell the MSN ANDA Products in the State of Delaware, list the MSN ANDA Products on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the MSN ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

34. On information and belief, MSN knows and intends that the MSN ANDA Products will be distributed and sold in the State of Delaware and will thereby displace sales of WAKIX®,

causing injury to Plaintiffs. MSN intends to take advantage of its established channels of distribution in Delaware for the sale of the MSN ANDA Products.

35. MSN has engaged in patent litigation concerning FDA-approved drug products in Delaware and has not contested personal jurisdiction or venue in Delaware in such litigation. *See, e.g.*, *Allergan Holdings Unlimited Co. et al. v. MSN Labs. Priv. Ltd. et al.*, No. 23-cv-00794, D.I. 9 (D. Del. Oct. 26, 2023); *Celgene Corp. et al. v. MSN Labs. Priv. Ltd. et al.*, No. 23-cv-00699, D.I. 10 (D. Del. Aug. 28, 2023); *Acerta Pharma BV et al. v. MSN Pharms. Inc.*, No. 22-cv-00163, D.I. 16 (D. Del. Apr. 11, 2022).

36. Alternatively, this Court has personal jurisdiction over MSN Laboratories Private Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) MSN Laboratories Private Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) MSN Laboratories Private Limited has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of the MSN ANDA, and/or manufacturing and/or selling pharmaceutical products throughout the United States including in Delaware, such that this Court's exercise of jurisdiction over MSN Laboratories Private Limited satisfies due process.

37. Venue is proper in this district for MSN Pharmaceuticals Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, it is a corporation organized and existing under the laws of the State of Delaware.

38. Venue is proper in this district for MSN Laboratories Private Limited pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b) because, *inter alia*, it is a corporation organized and existing

7

under the laws of the Republic of India and may be sued in any judicial district, and is subject to personal jurisdiction in Delaware.

### MSN'S ANDA NO. 218873

39.     Upon information and belief, MSN has submitted ANDA No. 218873 to FDA, or caused ANDA No. 218873 to be submitted to FDA, under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of pitolisant hydrochloride tablets as a purported generic version of WAKIX® prior to the expiration of the patents-in-suit.

40.     On information and belief, MSN submitted to FDA the MSN ANDA with a Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the MSN ANDA before the expiration of the '947, '197, and '430 patents listed in the Orange Book for WAKIX®. Thus, MSN's purpose in submitting the MSN ANDA is to manufacture and market the MSN ANDA Products before the expiration of the patents-in-suit.

41.     MSN sent correspondence, dated October 13, 2023, regarding the MSN ANDA to 630 W. Germantown Pike 215, Plymouth Meeting, PA 19462 ("October 2023 Correspondence").

42.     MSN's October 2023 Correspondence did not dispute that its ANDA Products and the use of its ANDA Products infringe and, if approved, would infringe Claims 1–14 of the '947 patent. Nor did MSN's October 2023 Correspondence dispute the validity of the '197 patent and '430 patent.

43.     MSN has not provided its ANDA to Plaintiffs or their counsel.

44.     On information and belief, MSN was responsible for the submission of the MSN ANDA, has participated in the preparation and submission of the MSN ANDA, has provided material support to the preparation and submission of the MSN ANDA, and intends to support the further prosecution of the MSN ANDA.

45.     If FDA approves the MSN ANDA, MSN will manufacture, offer for sale, or sell the MSN ANDA Products within the United States, including within Delaware, or will import the MSN ANDA Products into the United States, including Delaware.

46.     If FDA approves the MSN ANDA, the manufacture, use, offer for sale, sale, or importation of the MSN ANDA Products will directly infringe the patents-in-suit, and MSN will actively induce or contribute to the manufacture, use, offer for sale, or sale of the MSN ANDA Products within the United States, including within Delaware.

47.     With the submission of the MSN ANDA, MSN seeks approval of a drug claimed in a patent or the use of which is claimed in a patent with the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of the MSN ANDA Products before the expiration of such patent (here, the patents-in-suit). Thus, MSN has committed an act of infringement under 35 U.S.C. § 271(e)(2)(A). If MSN engages in the commercial manufacture, use, offer to sell, sale, or importation of the MSN ANDA Products prior to the expiration of the patents-in-suit, it will infringe, contribute to the infringement of, and/or induce the infringement of the claims in the patents-in-suit under one or more of 35 U.S.C. § 271(a), (b), and/or (c).

48.     On information and belief, Plaintiffs may be entitled to a stay of FDA approval of the MSN ANDA pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and U.S.C. § 355(j)(5)(F)(ii).

\*     \*     \*

49.     On November 9, 2023, Plaintiffs filed suit in this Court against Defendants Lupin Limited, Lupin Pharmaceuticals, Inc., Novugen Pharma Sdn. Bhd., Novugen Pharma (USA) LLC, and Makro Technologies Inc. for infringement of the '947 and '197 patents. *Harmony Biosciences, LLC et al. v. Lupin Limited et al.*, No. 23-cv-1286-MN (D. Del. Nov. 9, 2023).

50.  On November 21, 2023, Plaintiffs filed suit in this Court against Defendants AET Pharma US, Inc., Annora Pharma Private Limited, Hetero USA, Inc., Hetero Labs Limited, Novitium Pharma LLC, Zenara Pharma Private Limited, and Biophore India Pharmaceuticals Private Limited for infringement of one or more of the '947, '197, and '430 patents. *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, No. 23-cv-1340-MN (D. Del. Nov. 21, 2023).

51.  On December 8, 2023, MSN Laboratories Private Limited filed a declaratory judgment action against Bioprojet Société Civile de Recherche on the '197, '947, and '430 patents in the Alexandria Division of the United States District Court for the Eastern District of Virginia. MSN's declaratory judgment action did not name Harmony, the holder of NDA No. 211150 and exclusive licensee of the '197, '947, and '430 patents, as a party.

## COUNT I
## INFRINGEMENT OF THE '947 PATENT

52.  Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

53.  On information and belief, MSN has submitted or caused the submission of the MSN ANDA to FDA and continues to seek FDA approval of the MSN ANDA.

54.  Plaintiffs own all rights, title, and interest in and to the '947 patent.

55.  On information and belief, MSN has infringed at least Claims 1–5 and 10–14 of the '947 patent.

56.  According to MSN's October 2023 Correspondence, the MSN ANDA Products contain pitolisant hydrochloride.

57.  According to MSN's October 2023 Correspondence, the proposed indication for the MSN ANDA Products is treatment of excessive daytime sleepiness.

58. MSN has infringed the '947 patent under 35 U.S.C. § 271(e)(2)(A) by submitting the MSN ANDA and seeking FDA approval of the MSN ANDA prior to the expiration of the '947 patent.

59. On information and belief, the importation, manufacture, sale, offer for sale, or use of the MSN ANDA Products prior to the expiration of the '947 patent would infringe the '947 patent under 35 U.S.C. § 271(a), and/or MSN would induce the infringement of and/or contribute to the infringement of the '947 patent under 35 U.S.C. § 271(b) and/or (c).

60. The importation, manufacture, sale, offer for sale, or use of the MSN ANDA Products in the United States, including in the State of Delaware, would directly infringe the '947 patent.

61. Upon FDA approval of the MSN ANDA, MSN will market and distribute the MSN ANDA Products to resellers, pharmacies, health care professionals, and end users of the MSN ANDA Products. Accompanying the MSN ANDA Products, MSN will also knowingly and intentionally include a product label and insert containing instructions for administering the MSN ANDA Products. Accordingly, MSN will induce physicians and other health care professionals, resellers, pharmacies, and end users of the MSN ANDA Products to directly infringe the '947 patent. In addition, on information and belief, MSN will encourage acts of direct infringement with knowledge of the '947 patent and knowledge that it is encouraging infringement. MSN's conduct would intentionally actively induce and/or contribute to the infringement of the '947 patent.

62. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 218873, MSN will make, use, offer to sell, or sell the MSN ANDA Products within the United States, or will import the MSN ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of the claims of the '947 patent.

63. MSN had actual knowledge of the '947 patent prior to submitting the MSN ANDA, was aware that the submission of the MSN ANDA with the request for FDA approval prior to the expiration of the '947 patent would constitute an act of infringement of the '947 patent, and was aware that use of the MSN ANDA Products in accordance with its proposed labeling and/or packet insert would constitute an act of infringement of the '947 patent.

64. MSN submitted the MSN ANDA without a reasonable basis for asserting the '947 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the MSN ANDA Products. MSN did not dispute infringement of Claims 1–5 and 10–14 of the '947 patent. MSN's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '947 patent renders this case "exceptional" under 35 U.S.C. § 285.

65. Plaintiffs will be irreparably harmed if MSN is not enjoined from infringing the '947 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and MSN, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT II
## INFRINGEMENT OF THE '197 PATENT

66. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

67. On information and belief, MSN has submitted or caused the submission of the MSN ANDA to FDA and continues to seek FDA approval of the MSN ANDA.

68. Plaintiffs own all rights, title, and interest in and to the '197 patent.

69. On information and belief, MSN has infringed at least Claim 1 of the '197 patent.

70. MSN has infringed the '197 patent under 35 U.S.C. § 271(e)(2)(A) by submitting the MSN ANDA and seeking FDA approval of the MSN ANDA prior to the expiration of the '197 patent.

71. On information and belief, the importation, manufacture, sale, offer for sale, or use of the MSN ANDA Products prior to the expiration of the '197 patent would infringe the '197 patent under 35 U.S.C. § 271(a), and/or MSN would induce the infringement of and/or contribute to the infringement of the '197 patent under 35 U.S.C. § 271(b) and/or (c).

72. On information and belief, if the MSN ANDA is approved, MSN and its affiliates will make, offer for sale, sell, or otherwise distribute the MSN ANDA Products in the United States, including in the State of Delaware, directly infringing the '197 patent.

73. On information and belief, upon FDA approval of the MSN ANDA, MSN will market and distribute the MSN ANDA Products to resellers, pharmacies, health care professionals, and end users of the MSN ANDA Products. Accompanying the MSN ANDA Products, MSN will also knowingly and intentionally include a product label and insert containing instructions for administering the MSN ANDA Products. Accordingly, MSN will induce physicians and other health care professionals, resellers, pharmacies, and end users of the MSN ANDA Products to directly infringe the '197 patent. In addition, on information and belief, MSN will encourage acts of direct infringement with knowledge of the '197 patent and knowledge that it is encouraging infringement. MSN's conduct would intentionally actively induce and/or contribute to the infringement of the '197 patent.

74. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 218873, MSN will make, use, offer to sell, or sell the MSN ANDA Products within the United

States, or will import the MSN ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of the '197 patent.

75. MSN had actual knowledge of the '197 patent prior to submitting the MSN ANDA and was aware that the submission of the MSN ANDA with the request for FDA approval prior to the expiration of the '197 patent would constitute an act of infringement of the '197 patent.

76. MSN submitted the MSN ANDA without a reasonable basis for asserting the '197 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the MSN ANDA Products. MSN's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '197 patent renders this case "exceptional" under 35 U.S.C. § 285.

77. Plaintiffs will be irreparably harmed if MSN is not enjoined from infringing the '197 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and MSN, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT III
### INFRINGEMENT OF THE '430 PATENT

78. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

79. On information and belief, MSN has submitted or caused the submission of the MSN ANDA to FDA and continues to seek FDA approval of the MSN ANDA.

80. Plaintiffs own all rights, title, and interest in and to the '430 patent.

81. On information and belief, MSN has infringed at least Claim 3 of the '430 patent.

82. MSN has infringed the '430 patent under 35 U.S.C. § 271(e)(2)(A) by submitting the MSN ANDA and seeking FDA approval of the MSN ANDA prior to the expiration of the '430 patent.

83. On information and belief, the importation, manufacture, sale, offer for sale, or use of the MSN ANDA Products prior to the expiration of the '430 patent would infringe the '430 patent under 35 U.S.C. § 271(a), and/or MSN would induce the infringement of and/or contribute to the infringement of the '430 patent under 35 U.S.C. § 271(b) and/or (c).

84. On information and belief, the importation, manufacture, sale, offer for sale, or use of the MSN ANDA Products in the United States, including in the State of Delaware, would directly infringe the '430 patent.

85. On information and belief, upon FDA approval of the MSN ANDA, MSN will market and distribute the MSN ANDA Products to resellers, pharmacies, health care professionals, and end users of the MSN ANDA Products. Accompanying the MSN ANDA Products, MSN will also knowingly and intentionally include a product label and insert containing instructions for administering the MSN ANDA Products. Accordingly, MSN will induce physicians and other health care professionals, resellers, pharmacies, and end users of the MSN ANDA Products to directly infringe the '430 patent. In addition, on information and belief, MSN will encourage acts of direct infringement with knowledge of the '430 patent and knowledge that it is encouraging infringement. MSN's conduct would intentionally actively induce and/or contribute to the infringement of the '430 patent.

86. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 218873, MSN will make, use, offer to sell, or sell the MSN ANDA Products within the United

States, or will import the MSN ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of the '430 patent.

87. MSN had actual knowledge of the '430 patent prior to submitting the MSN ANDA, was aware that the submission of the MSN ANDA with the request for FDA approval prior to the expiration of the '430 patent would constitute an act of infringement of the '430 patent, and was aware that use of the MSN ANDA Products in accordance with its proposed labeling and/or packet insert would constitute an act of infringement of the '430 patent.

88. MSN submitted the MSN ANDA without a reasonable basis for asserting the '430 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the MSN ANDA Products. MSN's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '430 patent renders this case "exceptional" under 35 U.S.C. § 285.

89. Plaintiffs will be irreparably harmed if MSN is not enjoined from infringing the '430 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and MSN, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that MSN has infringed one or more claims of the '947, '197, and '430 patents under 35 U.S.C. § 271(e)(2)(A);

B. A judgment that, under one or more of 35 U.S.C. § 271(a), (b), and/or (c), MSN's commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the MSN ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '947, '197, and '430 patents;

C. The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of MSN's ANDA No. 218873 shall be no earlier than the expiration date of the '947, '197, and '430 patents, or any later expiration of exclusivity for the '947, '197, and '430 patents, including any extensions or regulatory exclusivities;

D. A permanent injunction restraining and enjoining MSN, its affiliates and subsidiaries, and all persons and entities acting in concert with MSN, from commercially manufacturing, using, offering for sale, or selling or importing into the United States the MSN ANDA Products, until the day after expiration of the '947, '197, and '430 patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '947, '197, and '430 patents.

E. An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if MSN engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the MSN ANDA Products, or any product that infringes the '947, '197, or '430 patents, or induces or contributes to such conduct, prior to the expiration of the '947, '197, or '430 patents, or any later expiration of exclusivity for the '947, '197, or '430 patents, including any extensions or regulatory exclusivities;

F. The entry of a judgment declaring that MSN's acts render this case an exceptional case and awarding Plaintiffs their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

G. An award to Plaintiffs of their costs and expenses in this action; and

H. Such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jack B. Blumenfeld*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda
Sarahi Uribe
Elaine Nguyen
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Yiye Fu
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
(650) 632-4700

December 11, 2023